1. That the defendant is a duly incorporated town, and authorized under its charter (chapter 123, Private Laws of North Carolina, 1869 and 1870) to annually levy and collect taxes "on all real and personal estate within said town," etc.
2. The plaintiff is a resident of said town, and, on the ...... day of June, 1888, he listed for taxation, before the proper list-taker of Chowan County, the notes, bonds and solvent credits owned by him and in his possession, amounting to $17,000, and the councilmen of the town of Edenton took the same from the said county list and levied a tax of one-half of one per cent upon said notes, bonds and solvent credits, and collected from the plaintiff thereon the sum of $85, which the plaintiff paid under protest.
3. That of the notes, bonds, etc., so levied upon, $4,000 worth were against persons living in town, and secured by deeds of trust upon property in said town, and $13,000 worth against nonresidents of the town, and secured by property not located in said town.
4. The plaintiff demanded said amount, in thirty days, of the treasurer of said town, which being refused, he, after ninety days, brought this action, and otherwise complied with the requirements of chapter 137, Laws of 1887.
The court gave the following judgment:
"This cause coming on to be heard upon appeal of plaintiff from a judgment rendered by H. DeB. Hooper, J. P., and being heard and considered by the foregoing facts agreed, it is adjudged by the court that the plaintiff recover of the defendant the sum of sixty-five dollars, being one-half of one per cent collected by the defendant of the plaintiff upon thirteen thousand dollars of bonds against nonresidents of Edenton, and secured by mortgage upon lands outside the corporate limits of the said town, together with the costs of this action, to be (153) taxed by the clerk."
The defendant excepted and appealed to this Court. *Page 142 
For the reasons given in the case of Redmond v. The Commissioners ofTarboro, ante, 122, the judgment below is reversed.
All notes, bonds, etc., whether owing by residents or nonresidents, are subjects of municipal taxation.
Judgment reversed.